Argued and submitted November 26, 2002, convictions affirmed; remanded for resentencing March 20, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## DENNIS R. MARSH,
*Appellant.*

200017879; A113146

66 P3d 541

Laura Frikert, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Oregon Public Defender.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant was convicted after a guilty plea of ten counts of animal neglect in the second degree. ORS 167.325. The trial court imposed 60 months of probation with numerous conditions and ordered defendant to pay restitution pursuant to ORS 167.350 (1999)[1] in the amount of $43,314.69, for costs incurred in the care of 69 animals that were removed from his property. Defendant asserts on appeal that the trial court had authority to impose restitution only for the cost of care of the ten animals that he was convicted of neglecting. We agree and remand for resentencing.

ORS 167.350(1) (1999)[2] provides:

"In addition to and not in lieu of any other sentence it may impose, a court may require a defendant convicted under ORS 167.315 to 167.330 and 167.340 to forfeit any rights of the defendant in the animal subjected to abuse, neglect or abandonment, *and to repay the reasonable costs incurred by any person or agency prior to judgment in caring for each animal subjected to abuse, neglect or abandonment.*"

(Emphasis added.) We agree with defendant that restitution may be imposed under the emphasized portion of ORS 167.350(1) only for the care of animals that defendant was convicted of neglecting. "[E]ach animal subjected to abuse, neglect or abandonment" can only mean each animal determined by judgment of conviction to have been subjected to abuse, neglect, or abandonment. Because defendant was convicted of neglecting ten animals, restitution can be assessed only for the costs incurred in caring for ten animals.

The state asserts that the full amount of restitution was authorized by ORS 167.350(3) (1999), which provides:

---

[1] At the time of defendant's conviction and sentencing, the 1999 version of the statute was in effect.

[2] ORS 167.350(1) was amended in 2001, Or Laws 2001, ch 926, § 14a, and now provides, in part:

"In addition to and not in lieu of any other sentence it may impose, a court may require a defendant convicted under ORS 167.315 to 167.333 or 167.340 to forfeit any rights of the defendant in the animal subjected to the violation, and to repay the reasonable costs incurred by any person or agency prior to judgment in caring for each animal subjected to the violation."

> "In addition to and not in lieu of any other sentence it may impose, a court may order the owner or person having custody of an animal to repay the reasonable costs incurred by any person or agency in providing water, food or first aid treatment under ORS 167.345(1)."

ORS 167.345(1) (1999) provides, in turn:

> "If there are exigent circumstances and probable cause to believe that any animal is being impounded or confined without minimum care for more than 24 consecutive hours, without medical cause, a peace officer, as defined in ORS 161.015, may enter the premises where the animal is being held and provide the animal with water, food or emergency on-site first aid treatment."

ORS 167.350(3) (1999) authorized restitution only in the circumstances described in ORS 167.345(1) (1999), which clearly do not encompass this case.[3] The care described in ORS 167.345(1) (1999) for which restitution was authorized by ORS 167.350(3) (1999) was on-site emergency care, not hospitalization and care after the animals had been removed from the premises. The trial court erred in ordering restitution for care for animals in excess of the ten animals that defendant was convicted of neglecting.

The state submitted a memorandum of supplemental authorities on appeal that cited the general restitution statutes, ORS 137.103 to 137.106, and several cases applying those statutes as support for the restitution obligation imposed in this case. The state did not explain how the statutes could support an award for criminal acts for which defendant was not convicted and that he did not admit committing. *See, e.g.*, ORS 137.103(1), (2). Without a reasoned discussion of those statutes and their application to this case from the state, we decline to consider whether the statutes authorized the court to impose the restitution award.

Convictions affirmed; remanded for resentencing.

---

[3] We note that in 2001 the legislature also amended ORS 167.350(3), Or Laws 2001, ch 926, § 14a, and it now provides:

"In addition to and not in lieu of any other sentence it may impose, a court may order the owner or person having custody of an animal to repay the reasonable costs incurred by any person or agency in providing minimum care to the animal."